**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MACKIE CRAWFORD VANDIVER et al**  PLAINTIFFS

**V.**  CASE NO. 1:02CV312
CONSOLIDATED WITH
CASE NO. 1:03CV78

**THE OHIO RIVER COMPANY, LLC et al**  DEFENDANTS

**ORDER**

This cause comes before the Court on the plaintiffs' motion to amend or alter judgment [152-1]. The Court has reviewed the briefs and exhibits and is prepared to rule. This case arises from a accident which took place on a barge docked at the Yellow Creek Inland Port Authority in which plaintiff Mackie Vandiver was injured. Vandiver had been standing on the lid of barge when it suddenly popped open dropping him to the steel floor 14 feet below.

In an order dated September 29, 2004, this Court granted the defendants' motion for summary judgment in the above-styled case on the grounds that the plaintiffs had presented no admissible evidence that the failure of the latches on the barge lid were the result of any negligent failure to maintain or to any design defect. The Court took note of the fact that, according to Vandiver's own testimony, neither he nor anyone else had visually inspected the latches to ensure that they were properly closed, nor did anyone examine the latches after the accident or subsequently make any repairs to them. The Court also struck Vandiver's expert witness, Dr. Jack Sparks, an engineer who examined the barge approximately four years after the accident, on the grounds that his testimony did not survive <u>Daubert</u> scrutiny. The Court ultimately concluded that the plaintiffs could establish their case since there is no admissible evidence that Vandiver's unfortunate injuries

were caused by any flaw or defect in the latches on the barge.

The plaintiffs subsequently and timely filed the instant motion to amend or alter the judgment pursuant to Rule 59(e), arguing that the Court's prior opinion did not fully address the issues of design defect and failure to warn. A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead "[serve] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)(citations omitted). Reconsideration of a judgment after its entry is "an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479. In deciding whether to grant such a motion, this Court must strike a proper balance between two important judicial imperatives: (1) the need for finality in litigation and (2) the need to render just decision on the basis of all the facts. Id.

In order to prove a design defect rendered a product unreasonably dangerous, the injured party must show (among other factors) that the product failed to function as expected. Guy v. Crown Equipment Corp., 394 F.3d 320, 324 (5th Cir. 2004). As the plaintiffs cannot demonstrate through any admissible evidence that the latches failed (as opposed to simply not being properly fastened), their design defect case must fail.

Upon review of its prior order, however, the Court does not that its analysis of the failure to warn claim was somewhat lacking, and in the interests of both finality and justice, expands upon it as follows. In order to establish a defect through inadequate warning, the plaintiff must prove that: (1) the manufacturer or seller knew or in the light of reasonably available knowledge should have

known about the danger; and (2) that the ordinary user or consumer would not realize its dangerous condition. Miss. Code Ann. § 11-1-63(c)(i). The plaintiff must also demonstrate "a causal link between the plaintiff's injuries and the product's allegedly lacking a warning or having an inadequate warning." 3M Co. v. Johnson, 895 So.2d 141, 166 (Miss. 2005)(noting that "the failure to warn must be the proximate cause of the injuries suffered or it is irrelevant"). There is no evidence before the Court of any causal link between the failure of the latches (possibly due to their not being fastened properly) and any failure to warn of the possible danger of standing on top of a barge lid while it is being pulled by heavy chains, as was the case here. Indeed, the Court agrees with the defendants that the act of standing on top of a barge lid without first verifying that the latches were secured is such an open and obvious danger that any ordinary user would realize the potential danger. Summary judgment was properly granted on the failure to warn issue.

In light of the foregoing, it is therefore ORDERED that the plaintiffs' motion for reconsideration [152-1] is DENIED.

This is the 23rd day of May, 2005.

                                           **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**